# United States Court of Appeals
## For the First Circuit

No. 09-1900

FREDERICK GROSSMITH,

Plaintiff, Appellant,

v.

RICHARD NOONAN, in his capacity as Sergeant of the Foxborough
Police Department and individually; JOSEPH MCDONALD, in his
capacity as Police Officer of the Foxborough Police Department
and individually,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Lynch, Chief Judge,
Boudin and Lipez, Circuit Judges.

Theodore H. Goguen, Jr. on brief for appellant.
Leonard Kesten, Thomas Donohue, Deidre Brennan Regan, and
Brody, Hardoon, Perkins & Kesten, LLP on brief for appellees.

June 9, 2010

**LYNCH**, <u>**Chief Judge**</u>.  A jury rejected all of Frederick Grossmith's civil rights claims against two Foxborough Police officers arising out of his April 2006 arrest for shooting his neighbor's pet dog, a Siberian husky named Kato.  Grossmith's 2007 federal suit against the police officers asserted, under 42 U.S.C. § 1983 and Mass. Gen. Laws ch. 12, §§ 11H, 11I, claims of unlawful seizure and deprivation of liberty in violation of Grossmith's Fourth and Fourteenth Amendment rights and the corollary Massachusetts constitutional rights, as well as claims of assault, battery, false arrest, malicious prosecution, and intentional infliction of emotional distress.  Grossmith now appeals two evidentiary rulings by the district court, seeking a new trial.

Grossmith's version at trial was that Kato had earlier harassed livestock on Grossmith's property and was on his property again on the day of the shooting.  When Grossmith approached Kato to see the dog's tags, Kato bit him and got into a fight with Grossmith's own dog.  In response, Grossmith walked over to his car, got his rifle, and loaded it.  When Kato began walking toward Grossmith in a threatening way, Grossmith took aim and shot Kato in the head.

According to evidence the defense presented at trial, however, Grossmith had given a rather different account to the police that day.  According to the transcript of the 911 call Grossmith made immediately after the incident, Grossmith only told

-2-

the operator that he shot Kato after the dog bit him; Grossmith made no mention of the fight between his own dog and Kato and also did not say that he had shot Kato only after the dog began walking toward Grossmith.

Further, police officers testified that when they arrived on the scene following the incident, Grossmith said he was bitten after he attempted to check the dog's tags, and that he eventually shook the dog free. When asked by the officers, Grossmith said Kato had not further threatened him, nor tried to attack Grossmith after Grossmith was bitten. Grossmith made no mention at the time of a fight between Kato and Grossmith's own dog. Rather, Grossmith's account was that Kato was just standing and watching when Grossmith went for his gun. The officers did not believe they had any evidence the dog put either livestock or Grossmith and his dog at immediate threat of danger when Grossmith shot Kato. The officers also denied Grossmith's claim that he had been mishandled during his arrest. Grossmith did not complain about any pain and declined any further treatment other than for the dog bite.

The state charges against Grossmith, for which he was arrested, were cruelty to animals, unlawful killing of an animal, and discharge of a firearm near a highway. He was later acquitted of those charges. This lawsuit against the police officers who arrested Grossmith followed.

-3-

Grossmith presents two arguments on appeal, asserting that the court erred in allowing the defendants to introduce two pieces of evidence--a photograph of Kato and testimony regarding Kato's character--and that the errors caused so much prejudice to him that he is entitled to a new trial. There was no error in either ruling, and we affirm.

Grossmith's attack on evidentiary rulings is an uphill battle because the appellate standard of review, assuming an appropriate objection was made at trial, is to ask whether there was an abuse of discretion by the trial judge. United States v. Morales-Machuca, 546 F.3d 13, 22 (1st Cir. 2008). Relevant evidence may be excluded by the district judge if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Trial judges are given deference in ruling on the admission of evidence. See United States v. Salimonu, 182 F.3d 63, 72 (1st Cir. 1999). It is rare for a party on appeal to upset a jury verdict on this basis.

Grossmith first complains that a photograph of Kato, taken within the last year before the shooting, should not have been admitted into evidence because it was irrelevant, its probative value was substantially outweighed by its prejudicial effect, and it distracted the jury from the main issues. While it

is doubtful this objection to the photograph was preserved at trial, we will assume in Grossmith's favor that it was.

Grossmith's evidence and his testimony at the federal trial made the photograph relevant. Grossmith asserted that the defendants did not have probable cause to arrest him because he had shot Kato to protect himself, his dog, and his livestock. He testified to the events surrounding the shooting itself and characterized the dog as "vicious," "bloodthirsty," and looking like a wolf or a coyote. Grossmith also admitted on cross-examination that he had previously said Kato was "malnourished, flea-bitten, unkempt and that his owner should be prosecuted for animal cruelty." Grossmith further introduced other witnesses who testified to Kato's appearance, including a neighbor who compared Kato's appearance to that of a wolf or coyote and described an incident in which he drove Kato off his property because the witness was concerned for his children's safety.

The photograph, properly authenticated,[1] was useful to the jury in evaluating the credibility of Grossmith's testimony and that of others. The district court did not abuse its discretion in finding that both parties had made Kato's appearance relevant to the case and admitting the photograph. The image was inconsistent

---

[1] We reject Grossmith's argument that the district court's admission of the photograph following authentication by a witness somehow vouched for that witness's credibility over Grossmith's. Grossmith never challenged the authenticity of the photograph and so the argument is waived.

with much of Grossmith's description of the dog, but was consistent with one of the defendant police officer's descriptions. The photograph thus was useful to the jury in evaluating the credibility of Grossmith and other witnesses.

The court could readily conclude there was nothing unfairly prejudicial, Fed. R. Evid. 403, about this evidence. Moreover, the district judge properly and repeatedly instructed the jury that sympathy could not be a basis for the verdict and, further, that the question before them was not whether Grossmith had committed a crime by shooting Kato, but rather whether a reasonable officer would have had probable cause to believe that Grossmith had committed a crime.

Grossmith also complains that the district court erred in admitting testimony about the dog's characteristic behavior and its physical appearance. The testimony came from a family member who had frequent contact with the dog because it lived with the witness's mother. Since the mother ran a daycare center at the home, the dog was in constant contact with children playing with him and was described as "a great dog" and a "nice dog." The family member also testified that Kato was well-fed and well-groomed.

Assuming Grossmith's appeal on this issue is not waived, the district court did not abuse its discretion by admitting this evidence for the same reasons described above. Grossmith's own

testimony, as well as the testimony of other witnesses that he called, made Kato's character and appearance relevant to this case.

The judgment is <u>affirmed</u>. Costs are awarded to the defendants.